JUDGE CASTEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 29 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                          :     INDICTMENT

SEFERINO MENDOZA,                 :     08 CRIM 482
    a/k/a "Pole,"

        Defendant.              :

                                :

- - - - - - - - - - - - - - - - x

COUNT ONE

    The Grand Jury charges:

    1.  From at least in or about the Summer of 2003 up to and including in or about May 2006, in the Southern District of New York and elsewhere, SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MENDOZA agreed with others, known and unknown, to commit robberies of victims believed to be in possession of narcotics and narcotics proceeds and proceeds from other types of commercial activity.

Overt Acts

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about January 2005, in the vicinity of 186th Street and Broadway in New York, New York, SEFERINO MENDOZA, a/k/a "Pole," and others kidnapped a drug dealer and stole U.S. currency from him.

b. In or about the beginning of 2005, in the vicinity of 189th Street between St. Nicholas and Wadsworth Avenues in New York, New York, MENDOZA and others attempted to steal kilograms of cocaine by grabbing a drug dealer and pushing their way into an apartment.

c. On or about April 5, 2005, in the vicinity of 160th Street and the Grand Concourse in the Bronx, New York, MENDOZA and others kidnapped a drug dealer and interrogated her for several hours before stealing heroin and U.S currency from the victim's apartment.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3. In or about the beginning of 2005, in the vicinity of 137th Street between St. Nicholas and Wadsworth Avenues in New

2

York, New York, SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MENDOZA and others known and unknown kidnapped a drug dealer in New York, New York and stole U.S. currency from him.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4.  In or about the beginning of 2005, SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

COUNT FOUR

The Grand Jury further charges:

5. From at least in or about Summer 2003 up to and including in or about May 2006, in the Southern District of New York and elsewhere, SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of said conspiracy that SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

7. It was a further part and an object of said conspiracy that SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

Overt Acts

8.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.  In or about January 2005, in the vicinity of 186th Street and Broadway in New York, New York, SEFERINO MENDOZA, a/k/a "Pole," and others kidnapped a drug dealer and stole U.S. currency from him.

   b.  In or about the beginning of 2005, in the vicinity of 187th Street between St. Nicholas and Wadsworth Avenues in New York, New York, MENDOZA and others attempted to steal kilograms of cocaine by grabbing a drug dealer and pushing their way into an apartment.

   c.  On or about April 5, 2005, in the vicinity of 160th Street and the Grand Concourse in the Bronx, New York, MENDOZA and others kidnapped a drug dealer and interrogated her for several hours before stealing heroin and U.S currency from the victim's apartment.

(Title 21, United States Code, Section 846.)

COUNT FIVE

The Grand Jury further charges:

9.  From at least in or about Summer 2003 up to and including in or about May 2006, in the Southern District of New

5

York and elsewhere, SEFERINO MENDOZA, a/k/a "Pole," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a narcotics trafficking crime for which he may be prosecuted in a court of the United States, namely, the conspiracy to distribute and possess with intent to distribute narcotics charged in Count Four of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C)(i) and 2.)

## FORFEITURE ALLEGATION

10.  As the result of committing the offenses in violation of Title 18, United States Code, Section 1951, alleged in Counts One and Two of this Indictment, SEFERINO MENDOZA, a/k/a "Pole," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, for which the defendants are jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

11.  Further, as a result of committing one or more of the controlled substance offenses alleged in Count Four of this Indictment, defendant SEFERINO MENDOZA, a/k/a "Pole," shall

forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts Four of this Indictment for which the defendant is jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

<u>Substitute Asset Provision</u>

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

      (4)  has been substantially diminished in value; or

      (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

8

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SEFERINO MENDOZA,
a/k/a "Pole,"

Defendant.

INDICTMENT

08 Cr. ___ (___)

(18 U.S.C. §§ 1951 & 2;
18 U.S.C. 924(c)(1)(A)(iii) & (ii) & 2;
21 U.S.C. §§ 846, 812, 841(a)(1), &
841(b)(1)(A).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

5/29/08 Fld Ind /Inst. 11-1-07 This case is
Assigned to Judge Castel for All purposes

Mag Judge
Dolinger