UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                              08-cr-482 (PKC)

       -against-

                                              ORDER

SEFERINO MENDOZA,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Seferino Mendoza, who represents himself pro se, moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket # 85.) Because Mendoza did not exhaust his administrative remedies before bringing this motion, has not identified extraordinary and compelling circumstances that warrant a reduction of his sentence, and the factors set forth at 18 U.S.C. § 3553(a) weigh against his application, his motion will be denied.

A seven-count S2 Superseding Indictment charged Mendoza with, among other offenses, conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C § 1951 (Count One), Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Two), and brandishing a firearm during and in the course of the robbery charged in Count Two in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). (Docket # 19.) Mendoza originally entered a plea of not guilty and a jury trial commenced on April 20, 2009. On the third day of trial, Mendoza elected to enter a change of plea to guilty on Counts One, Two and Three, with the government agreeing to dismiss the four remaining counts. (Docket # 26.)

Mendoza's sentencing hearing took place on January 13, 2010. (Docket # 35.) The Presentence Report ("PSR") calculated a total offense level of 35 and placed Mendoza in Criminal History Category III, calculated an advisory Guidelines range of 210 to 262 months'

1

imprisonment and recommended an above-Guidelines sentence of 294 months' imprisonment. (PSR at 28, 30.)  The plea agreement entered between the parties included a stipulated Guidelines range of 219 to 252 months' imprisonment.  (Docket # 35 at 4; PSR ¶ 12.)  After discussion with counsel, the Court adopted the parties' stipulated advisory Guidelines range of 219 to 252 months' imprisonment.  (Docket # 35 at 4-14.)

The PSR described offense conduct whereby Mendoza and his co-conspirators participated in the home invasions and robberies of suspected narcotics dealers in the Bronx and Manhattan.  (PSR ¶¶ 17-31.)  At the sentencing hearing, the Court summarized offense conduct that included a kidnapping where Mendoza and coconspirators forced a person into a van and subjected him to interrogation while punching him and striking him with weights.  (Docket # 35 at 24.)  The Court also summarized incidents where Mendoza and coconspirators committed robberies by gunpoint, conducted home invasions of suspected drug dealers and physically beat their victims.  (Id. at 24-25.)  In reviewing the factors of 18 U.S.C. § 3553(a), the Court especially emphasized the need to prevent further crimes from Mendoza and to provide for just punishment, stating: "I don't have any confidence that if he were at large that he would refrain from criminal conduct.  I don't think it is that kind of a case at all."  (Id. at 26.)  The Court sentenced Mendoza to a sentence of 135 months on Counts One and Two and a consecutive sentence of 84 months on Count Three, for a total period of incarceration of 219 months.  (Id. at 27; Docket # 33.)

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may

reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction."  18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion in reviewing the motion and may consider all circumstances in combination or in isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

"[E]xtraordinary and compelling reasons are necessary – but not sufficient – for a defendant to obtain relief under § 3582(c)(1)(A)" because "a district court must also consider 'the factors set forth in section 3553(a)' before granting relief."  United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)).  An application is properly denied if the applicant demonstrates extraordinary and compelling reasons for release but the factors of 18 U.S.C. § 3553(a) weigh against the application.  Jones, 17 F.4th at 374-75; see also United States v. Keitt, 21 F.4th 67, 69 (2d Cir. 2021) ("when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Mendoza filed this motion on March 2, 2022.  (Docket # 85.)  The motion principally urges that a sentencing reduction is warranted because "the legal landscape has changed" as to the so-called stacking provision of 18 U.S.C. § 924(c).  (Id.)  Mendoza's motion does not reference any administrative application for relief to the Bureau of Prisons (the "BOP"), as required by the text of section 3582(c)(1)(A).  See Keitt, 21 F.4th at 71 ("absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities.").  Mendoza states: "Now a defendant can bring his motion, himself, once he has exhausted his administrative remedies, or that 30 days have lapsed in the defendants facility."  (Docket # 85 at 2.)  But he does not assert that he made an administrative

3

application for relief to the BOP and has not annexed any documents that demonstrate administrative exhaustion. In its response, the government states that it has been informed by the BOP that Mendoza's most recent administrative request was brought in April 2020 and sought a reduction in sentence based on his health conditions. (Docket # 87 at 4.) Because Mendoza has not demonstrated administrative exhaustion and the BOP represents that he has made no application for administrative relief, the Court concludes that Mendoza has not administratively exhausted his claim. For this reason alone, Mendoza's motion is denied.

Even if Mendoza had administratively exhausted his claim, he has not identified extraordinary and compelling reasons for relief. District courts have "broad discretion" when considering compassionate release motions brought by defendants and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 65-66 (2d Cir. 2022) (quotation marks omitted); Brooker, 976 F.3d at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason'" for sentence reduction. Id. at 237-38 (emphasis in original) (alteration in original). Mendoza principally relies on an intervening change in statute related to the stacking provision of 18 U.S.C. § 924(c)(1)(C), and the imposition of enhanced consecutive mandatory minimum sentences for defendants convicted on multiple counts under section 924(c). See Pub. L. No. 115-391 (2018); United States v. Waite, 12 F.4th 204 (2d Cir. 2021). However, Mendoza was convicted and sentenced on a single violation of section 924(c), as set forth at Count Three. (Docket # 33 at 2; Docket # 19.) The change to the stacking provision of section 924(c) therefore has no effect on the duration of Mendoza's sentence.

Mendoza also cites to his rehabilitation and states that he "is a much different man today that [sic] he was when he participated in the crimes," and asserts that he has "a relatively clean disciplinary record in prison." (Docket # 85 at 3.) The Court also has considered letters sent to Chambers by two of Mendoza's daughters, Crystal T. Mendoza and Jankiell Seferino Ferreira, and his niece, Maria Nunez. The three letters describe a strong desire to be reunited with Mr. Mendoza and characterize him as a loving family member. The Court accepts as true Mendoza's description of his rehabilitation and has carefully reviewed the supportive and heartfelt submissions of his family members. Nevertheless, rehabilitation alone is not an extraordinary and compelling basis to grant an application for a sentencing reduction, Brooker, 976 F.3d at 237-38, and Mendoza's description of his own rehabilitation is vague. Rehabilitation therefore does not entitle him to relief under 3582(c)(1)(A).

Lastly, the Court concludes that the section 3553(a) factors weigh against Mendoza's application, including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, respect for the law, just punishment, deterrence, the need to protect the public and the avoidance of unwarranted sentencing disparities. 18 U.S.C. § 3553(a). As the Court explained at the sentencing hearing, Mendoza was convicted for conspiring to participate in a string of Hobbs Act robberies that included acts of violence and the use of a firearm. Mendoza has served the substantial majority of his sentence and his been in custody for more than 176 months. He is now 51 years old. According to the BOP website, Mendoza's anticipated release date, accounting for good-time credit, is February 3, 2024, meaning that Mendoza has served more than 92% of his sentence.[1] In addition to Mendoza's failure to administratively exhaust his claim and his failure to identify an

---

[1] See https://www.bop.gov/inmateloc/

extraordinary and compelling circumstance warranting relief, the factors of section 3553(a) weigh in favor of Mendoza serving the full duration of his sentence.

Mendoza's motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is therefore DENIED.  The Clerk is respectfully directed to terminate the motion.  (Docket # 85.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 14, 2022

COPY MAILED TO:

Seferino Mendoza
Register Number: 60878-054
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA  17887