UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                             08-cr-482 (PKC)

        -against-                                                                   <u>ORDER</u>

SEFERINO MENDOZA,

                                     Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Seferino Mendoza, who is proceeding <u>pro se</u>, moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF 91.)  The Court denied Mendoza's previous motion for a sentencing reduction.  See <u>United States v. Mendoza</u>, 2022 WL 17672638, at *1 (S.D.N.Y. Dec. 14, 2022).  For the reasons that will be explained, this motion also will be denied.

        Upon the motion of a defendant who has exhausted all administrative remedies, a court "may reduce" the defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction."  See 18 U.S.C. § 3582(c)(1)(A)(i).  The court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable" and must find that the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  <u>Id.</u> § 3582(c)(1)(A).

        "Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'"  <u>United States v. Jones</u>, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  District courts have "broad discretion" when considering such

motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

Mendoza's motion cites the risks posed by Covid-19, his progress toward rehabilitation and his anticipated deportation upon release. (ECF 91.) Mendoza urges that he has administratively exhausted his remedies and annexes an application for release that he made to his facility's warden. (Id. Ex. A.)

The government argues that Mendoza did not administratively exhaust all of his claimed grounds for relief. See, e.g., United States v. Gomez, 2022 WL 61317, at *2 (S.D.N.Y. Jan. 5, 2022) ("Having not sought compassionate release from the warden based on the facts presented here, [the] application for compassionate release must be denied for failure to exhaust administrative remedies.") (Gardephe, J.). But the application to the warden submitted by Mendoza cites the risks of Covid-19, his good disciplinary record, participation in "rehabilitative programs," his age, and the likelihood that he will be deported and separated from his loved

ones.  (ECF 91 Ex. A.)  The Court concludes that Mendoza adequately raised his proposed grounds for relief to the warden.

Mendoza contends that his motion should be granted because the Covid-19 pandemic "has continued to worsen" in the time since the Court denied his prior motion.  (ECF 91 at 1, 4-9.)  Mendoza is housed at Allenwood Medium FCI.[1]  At present, the facility reports that no staff members or inmates have tested positive for the Covid-19 virus.[2]  The government reports that Mendoza was administered two doses of the Moderna vaccine against Covid-19 in 2021.  (ECF 96 at 5.)  The absence of active cases at Mendoza's facility and his vaccination status weigh against finding extraordinary and compelling circumstances.  See, e.g., United States v. Hudson, 2023 WL 6160580, at *3-4 (S.D.N.Y. Sept. 21, 2023) (McMahon, J.).

Mendoza also urges that following the conclusion of his sentence, he will be placed in immigration detention and subject to deportation.  (ECF 91 at 20.)  He notes that this will serve as additional punishment by separating him from his children and grandchildren, and that his time in immigration detention will add to his term of incarceration.  "But removal proceedings against non-citizens convicted of a deportable offense are provided by statute . . . and do not constitute extraordinary or compelling reasons for a reduction in sentence."  United States v. Espinal, 2022 WL 17736632, at *2 (S.D.N.Y. Dec. 16, 2022) (Cote, J.).

Mendoza cites to his low risk of recidivism.  (ECF 91 at 9-10, 16-18.)  He states that he has committed himself to becoming a better person and contends that, as a statistical matter, nuclear war is likelier than his participation in re-offending conduct.  (Id.)  While the Court commends Mendoza's stated intent to better himself, rehabilitation alone is not an extraordinary and compelling circumstance, and he has not persuasively identified other factors

---

[1] See https://www.bop.gov/inmateloc/
[2] https://www.bop.gov/coronavirus/covid19_statistics.html

- 4 -

that, in combination with rehabilitation, amount to extraordinary and compelling circumstances weighing in favor of a sentencing reduction.  See Brooker, 976 F.3d at 237-38.

The Court has also considered the section 3553(a) factors and concludes that they weigh against his release.  As the Court has previously discussed, Mendoza was convicted and sentenced to 219 months of incarceration for his participation in a string of Hobbs Act robberies that included acts of violence and the use of a firearm.  See Mendoza, 2022 WL 17672638, at *3.  He is currently 51 years old and has an expected release date of February 3, 2024.[3]  The goals of deterrence, just punishment, the seriousness of the offense and respect for the rule of law all weigh against Mendoza's application.  18 U.S.C. § 3553(a).

The motion for a reduction of sentence under 18 U.S.C. § 3582(C)(1)(A) is DENIED.  (ECF 91.)  The Clerk is respectfully directed to terminate the motion.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 3, 2023

COPY MAILED TO:
Seferino Mendoza
Reg. No. 60878-054
FCI Allenwood Medium
Federal Correction Institution
PO Box 2000
White Deer, PA  17887

---

[3] https://www.bop.gov/inmateloc/