UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

SEFERINO MENDOZA,

Defendant.

08-cr-482 (PKC)
ORDER

CASTEL, District Judge:

On January 13, 2010, the defendant was sentenced principally to a term of imprisonment of 135 months on Counts 1 and 2 and 84 consecutive months on Count 3, total of 219 months.

Defendant filed two motions for a sentence reduction (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii).  (ECF 85, filed Mar. 2, 2022; ECF 91, filed May 22, 2023).  The Court denied these motions for reasons stated in its Orders.  (ECF 90, filed Dec. 14, 2022; ECF 97, filed Oct. 3, 2023.)

On October 10, 2023, Mendoza moved for a sentence reduction under Amendment 821 to the Sentencing Guidelines. The Court directed the government to respond to the motion by December 4, 2023, giving the defendant the opportunity to reply by December 18, 2023.  (ECF 100.)

A Supplemental PSR prepared by the Office of Probation reports that, under Amendment 821, defendant is eligible for a reduction in his Criminal History Category ("CHC") from CHC III to CHC II, with a revised guideline range of 121 to 151 months plus 84 consecutive months.  At the bottom of the revised guideline range his term of imprisonment is

205 months. The Supplemental PSR also notes that Mendoza's projected release premised upon his unreduced sentence would be February 3, 2024.

Amendment 825 to the Guidelines amends Amendment 821, effective November 1, 2023, to include in the "Instructions" to Amendment 821 that "(2) The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." Because of the effective date provision, the application of a reduction pursuant to Amendment 821 would accelerate defendant's release date from February 3, 2024 to February 1, 2024.

On December 4, 2023, the government filed a letter noting its lack of objection to a reduction of Mendoza's sentence with an effective date of February 1, 2024. (ECF 103.)

On the same date (and shortly before the government's filing), defendant, now ably represented by Jennifer Brown of Federal Defenders, moved for a reconsideration of the denial of the motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii). The motion asserts that "[n]one of the reasons supporting a delay in effective date [to Amendment 821] are applicable to Mr. Mendoza." In recognition of the limiting effect of Amendment 821 (as amended by Amendment 825), defendant urges that there are extraordinary and compelling reasons for a sentence reduction, principally noting that the defendant is entitled to a reduction under Amendment 821 but that reduction is a mere two days because of the required effective date,[1] the amount of time he has served and the certainty that he will spend some time in immigration custody prior to removal.

The Court denies the motion to reconsider or otherwise to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(ii). The Court acknowledges the broad discretion

---

[1] "This change in law as it applies to his unique circumstances is an extraordinary and compelling circumstance warranting this modest reduction in sentence." (ECF 102.)

afforded under the compassionate release section and that it may consider virtual any circumstance found to be extraordinary and compelling except rehabilitation alone. United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022).  For reasons previously stated, the Court concludes that the section 3553(a) factors preclude the grant of the requested relief.  See Orders of October 3, 2023 and December 14, 2022. The Court also considers the limited benefit to this defendant of Amendment 821 coupled with his likely immigration detention and removal but concludes that on this record they do not amount to extraordinary and compelling reasons for a sentence reduction.  In this case, the uniform application of the effective date serves the purpose of permitting the Bureau of Prisons to prepare for inmate releases and avoids unwarranted disparity among inmates resulting from Amendment 821 adjustments.

The motion for reconsideration (ECF 102) is DENIED.  Pursuant to Amendment 821, the Court adjusts defendant's Guideline's calculation to TOL 31, CHC II and his Guideline's range to 205 to 235 months imprisonment and, effective February 1, 2024, grants the reduction of his sentence to 205 months imprisonment.   All other components of the sentence remain as originally imposed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 21, 2023